LOTTINGER, Judge.
Petitioner, Willie Carbo, brought suit against defendant, Fred Cain, for personal and property damages resulting from an automobile accident. The property damages were for repairs to petitioner’s automobile, and the personal damages were for injuries to his minor son who was allegedly injured in the accident. Defendant filed a reconventional demand. Upon trial on the' merits, the lower court gave judgment for petitioner.
The facts show that- the accident occurred while the minor son of petitioner was driving petitioner’s car. The accident occurred at about 2:00 a. m., on November 7, 1952, on the West Baton Rouge Airline Highway. The above are about the only facts that are agreed upon between the parties. -
The petitioner claims that his minor son was driving in an easterly direction along the said highway, at a reasonable speed. That defendant was driving in the same direction in the right-hand lane,' when petitioner’s son pulled into the left lane to pass the defendant.' Upon his pulling into the left lane, the defendant suddenly, and without warning, commenced a left-hand turn from his right ■ lane, and the petitioner’s son struck the defendant vehicle on the left fear fender. Upon being hit, it appears that the defendant attempted to pull back into his right lane. The said highway is a four lane highway with a neutral ground in the center. The petition -itemizes damages as follows: damages to petitioner’s automobile $200; loss of use of automobile for four weeks at $30 per week — $120; physical pain and suffering to petitioner’s minor son — $100; mental pain and anguish . — $75. The petition states that the petitioner’s son was a minor, and petitioner seeks the physical damages on behalf of his minor son.
The answer of defendant says that defendant was proceeding along the left lane of the said highway and was slowing down *393 preparatory to executing a left turn. He had slowed down to about 10 or 15 miles per hour, when the left rear fender of his car was struck by the petitioner vehicle. Defendant alleges that he was still some 50 feet from the point of his intended left turn when struck, and that, after striking him, the petitioner vehicle went off the paved portion, to the left of the highway, and passed him. He claims that there was no signal given by petitioner’s son of his intention to pass him, and he did not know of the presence of petitioner’s vehicle until the impact.
Each of the parties had a passenger riding in his vehicle who testified. The testimony of petitioner’s passenger was substantially the same as that of petitioner; and the testimony of defendant’s passenger was substantially the same as that of defendant. Each of the parties testified that the other had been drinking, and they each denied that they had had anything to drink prior to the accident. The police was not called, and the only eyewitnesses were the parties th«mselves and one passenger riding in each vehicle.
The defendant introduced, as a witness, a Mr. M. L. Moore who testified that defendant and the petitioner’s son met in a drug store the morning after the accident to attempt to settle their difficulties. They, however, were not successful. He stated that the petitioner’s son told him that the reason he did not call the police was because he had been drinking and he was afraid the police would get him for drunken driving. The defendant and his passenger both testified that petitioner’s son had been drinking and that, for this reason, the cops were not called. Petitioner’s son, and his passenger, testified the same as to the defendant.
Upon trial of the matter, testimony disclosed that petitioner’s son was twenty-one years of age at the time of the accident. The lower court, therefore, gave judgment for damages to petitioner’s automobile, but did not allow the claim on behalf of petitioner’s son. The defendant has appealed;
We are not favored by written reasons for the judgment by the lower court. We are, therefore, unable to state what finding by the said court was the reason for their holding in favor of the petitioner.
If the claims of petitioner are correct in that defendant attempted a left turn from the right lane of a four lane highway, in the face of traffic following him, we would be bound to hold that the defendant was negligent. On the other hand, if the claims of defendant are correct, in that he was in his left lane slowing down to make a left-hand turn, and was struck in the rear by the petitioner, who was proceeding at a fast rate of speed, we would be bound to hold that the petitioner’s son was not keeping a proper lookout and was, therefore, negligent. .
In view of the holding of the lower court, the judge thereof must have found that the petitioner’s version of the accident was correct, i. e., that the defendant was attemping to execute a left turn from the right lane when he was struck by the petitioner’s automobile. From the evidence and physical facts as found in the record, we are inclined to believe the lower court was correct in its conclusion. One of the fundamental rules of jurisprudence in our state is to the effect that the appellate courts will not reverse the decisions of fact found by the lower courts unless such findings are manifestly in error. The witnesses were present in person before the lower tribunal, and the reactions of the witnesses to the questions propounded to them, and their responses are considered in the decisions below. The appellate courts are not favored with the presence of witnesses, but must reach their conclusions solely on the argument of counsel and the written record. The record before us does not indicate any error in the findings of the lower court, particularly such error as would justify reversal of such findings.
The lower court rendered' judgment in favor of petitioner in" the sum of the estimate of repairs introduced into evidence. Because it was shown that peti *394 tioner’s son was a major at the time of the accident, the court was powerless to grant petitioner personal damages for and on behalf of his son. Furthermore, the record does not disclose any injury to the son which would justify such an award even though he were a minor.
For the reasons hereinabove assigned, the judgment of the lower court will be affirmed, all costs of this appeal to be paid by the defendant.
Judgment affirmed.